**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GONZALES L. MARCH, #16564-171,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-0067-D-BK** |
| | § | |
| **EDDY MEJIA, Warden,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge.  Petitioner, a federal prisoner confined at FCI Seagoville, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, which requested "expedite[d] consideration."  Doc. 2 at 5; Doc. 3 at 18.  For the reasons that follow, it is recommended that this action be summarily dismissed for want of jurisdiction.

**I. BACKGROUND**

Petitioner pled guilty to conspiring to distribute and possess with intent to distribute cocaine and marijuana and using of a telephone to facilitate a drug conspiracy, and, as a result of the career offender enhancement, was sentenced to 144 months' imprisonment.  *United States v. March*, 3:08-CR-0590 (D. S.C. 2009), aff'd, 392 Fed.Appx. 155 (4th Cir. 2010).  He unsuccessfully sought relief under 28 U.S.C. § 2255.  *United States v. March*, 2011 WL 2414943 (D. S.C. 2011) (denying section 2255 motion), *certificate of appealability denied*, 475 Fed.Appx. 478 (4th Cir. 2012); *United States v. March*, No. 3:08-CR-590 (D. S.C. July 17, 2012) (dismissing successive section 2255 motion for want of jurisdiction).

Petitioner now challenges his sentence under the savings clause of 28 U.S.C. § 2241.  Doc. 2 at 5.  Specifically, he claims the career offender enhancement under U.S.S.G §

4B1.2(a)(2) is unconstitutional in light of *Johnson v. United States, --- U.S. ---, 135 S.Ct. 2551 (2015)* (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates due process).  Doc. 2 at 5;  Doc. 3 at 1, 9-12.[1]

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).[2]

A motion under section 2255 provides the primary means of collaterally attacking a federal conviction or sentence.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)).  "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can

---

[1] The United States Court of Appeals for the Seventh Circuit has proceeded on the "'assumption that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2 as well' – leaving decision of the issue for another day." *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015).  Similarly, the Fifth Circuit has recognized that its "precedent regarding ACCA's definition of a violent felony is directly applicable to the Guidelines definition of a crime of violence." *United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015) (per curiam) ("For our purposes, the [ACCA] definition for a 'violent felony' is identical to the career offender guideline definition for a 'crime of violence.' *Compare* 18 U.S.C. § 924(e)(2)(B)(ii), with U.S.S.G. § 4B1.2(a)(2).  Moreover, we generally treat cases dealing with the career offender guideline 'interchangeably' with cases dealing with the ACCA. *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (per curiam).")).

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered under section 2254.

satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)). The so-called "savings clause" provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2555(e) (emphasis added).  Under the "savings clause" of section 2255, the petitioner has the burden of showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (*per curiam*).

   As a preliminary matter, Petitioner's request to transfer the case to the sentencing court should be denied.  Doc. 2 at 5; Doc. 3 at 16.  Because Petitioner is incarcerated within the Northern District of Texas, this Court has jurisdiction to determine whether he may proceed under section 2241.  *See Padilla*, 416 F.3d at 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255.").

   As to the issue of jurisdiction, Petitioner fails to show that the section 2255 remedy is either inadequate or ineffective to the test the legality of his detention.  He cannot rely on section 2241 merely because he cannot seek relief under section 2255.  *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful section 2255 motion, the limitations bar, nor successiveness do not render section 2255 remedy inadequate or ineffective).  Moreover, it is well established that "the savings clause of § 2255

applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.'" *Padilla,* 416 F.3d at 426 (quoting *Reyes-Requena,* 243 F.3d at 904); *see also Christopher,* 342 F.3d at 382.  In this case, the Court need not look beyond the first of these requisites to conclude that Petitioner cannot prevail.  First, Petitioner cannot demonstrate that he was convicted of a nonexistent offense.  His pleadings are limited to challenging the sentence that he received – namely the career offender enhancement. Doc. 3 at 9.  Second, Petitioner does not seek to establish that he is actually innocent of the charges against him.  *Id.*

Indeed, because Petitioner challenges only his sentence, and not his conviction, his claim under *Johnson v. United States* does not fall within the savings clause of section 2255(e). *See In re Bradford v. Tamez,* 660 F.3d 226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); *Padilla,* 416 F.3d at 427 (contrasting sentencing and conviction claims); *see also Ross v. Thomas,* No. CV 0:15-3040, 2015 WL 7352579, at *2-3 (D.S.C. Oct. 26, 2015), *recommendation adopted,* 2015 WL 7274076 (D.S.C. Nov. 16, 2015) (dismissing section 2241 habeas petition because the petitioner could not satisfy section 2255's savings clause to seek relief based on the holding in *Johnson*).

Accordingly, Petitioner is not entitled to relief under section 2241 and his petition should be dismissed without prejudice for want of jurisdiction.  *See Christopher,* 342 F.3d at 379

(remanding case for dismissal for lack of jurisdiction because petitioner failed to show the section 2255 remedy was inadequate or ineffective).[3]

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Petitioner's request to expedite resolution of this petition [Doc. 2 at 5; Doc. 3 at 18] should be denied.

SIGNED February 22, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The United States Court of Appeals for the Fifth Circuit has held that *Johnson* does not apply retroactively to cases on collateral review. *In re Williams*, 806 F.3d 322, 325-26 (5th Cir. 2015). However, the Supreme Court recently granted certiorari to resolve a split among the United States courts of appeals as to that issue. *See Welch v. United States*, 136 S. Ct. ____, No. 15-6418, 2016 WL 90594 (Jan. 8, 2016).   If the Supreme Court ultimately determines that *Johnson* applies retroactively, Petitioner may seek leave to file a successive section 2255 motion from the United States Court of Appeals for the Fourth Circuit.  To the extent *Johnson* is found not to be retroactive and does not apply to cases on collateral review, he cannot obtain relief in any habeas proceeding, § 2255 or otherwise.

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE